**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ARNOLD E. WEBB JR., Individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:17-cv-00624-RK |
| DR PEPPER SNAPPLE GROUP, INC., and DR PEPPER/SEVEN UP, INC., | ) | |
| Defendants. | ) | |

---

**DEFENDANTS' SUGGESTIONS IN SUPPORT OF MOTION TO DISMISS**

---

02067439.DOCX;-1

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1
II. SUMMARY OF ALLEGED FACTS ........................................................................... 2
III. APPLICABLE LEGAL STANDARDS ......................................................................... 3
A. Rule 12(b)(6)................................................................................................................ 3
B. Rule 9(b) ...................................................................................................................... 3
C. Rule 12(b)(1)................................................................................................................ 3
IV. ARGUMENTS AND AUTHORITIES ........................................................................ 4
A. The Failure to Plead An Actionable Misrepresentation Is Fatal to the Complaint. ......... 4
B. The Warranty Claims Fail to State a Claim (Counts II, III). ........................................ 10
C. The Quasi Contract, Unjust Enrichment, and Restitution Claims Fail (Count VII). ..... 11
D. Plaintiff Lacks Standing to Seek Declaratory and Injunctive Relief. ............................ 12
V. CONCLUSION .............................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................3

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F Cty.*,
137 S. Ct. 1773 (2017)....................9

*Cal. Pub. Emp.'s Ret. Sys. v. Chubb Corp.*,
394 F.3d 126 (3d Cir. 2004)....................8

*Castagnola v. Hewlett–Packard Co.*,
No. C 11-05772 JSW, 2012 WL 2159385 (N.D. Cal. 2012)....................13

*Chorosevic v. MetLive Choices*,
No. 4:05–CV–2394 CAS, 2007 WL 2159475, at *3 (E.D. Mo. July 26, 2007)....................14

*Chuang v. Dr Pepper Snapple Group, Inc., et. al.*,
No. CV 17-01875-MWF (MRWx), Docket No. 57, (C.D. Cal. Sept. 20, 2017).........5, 6, 7, 10

*City of L.A. v. Lyons*,
461 U.S. 95 (1983)....................12

*Cole v. Homier Distrib. Co.*,
No. 4:07-CV-1493 (JCH), 2007 WL 4233636 (E.D. Mo. Nov. 28, 2007)....................5, 10

*Cortinas v. Behr Process Corp.*,
No. 4:16-CV-1718 (CEJ), 2017 WL 2418012 (E.D. Mo. June 5, 2017)....................8

*DeCoursey v. Am. Gen. Life Ins. Co.*,
822 F.3d 469 (8th Cir. 2016)....................11

*Demien Constr. Co. v. O'Fallon Fire Protection Dist*,
72 F. Supp. 3d 967 (E.D. Mo. 2014)....................12

*Exec. Bd. of Mo. Baptist Conv. v. Windermere Baptist Conf. Ctr.*,
280 S.W.3d 678 (Mo. Ct. App. 2009)....................11

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
528 U.S. 167 (2000)....................4, 12

*Hope v. Nissan North Am., Inc.*,
353 S.W.3d 68 (Mo. Ct. App. 2011)....................11

*Huch v. Charter Commc'ns., Inc.*,
290 S.W.3d 721 (Mo. 2009) ....................................................................................4

*In re Simply Orange Juice Mktg. & Sale Practices Litig.*,
No. 4:12-md-02361-FJG, 2017 WL 3142095 (W.D. Mo. July 24, 2017) ..............................13

*Jessanini et al. v. Monini N. Am., Inc.*, Case No. 1:17-cv-03257-LLS, Docket No.
18 (S.D.N.Y. Aug. 3, 2017) ..................................................................................10

*Kelly v. Cape Cod Potato Chip Co.*,
81 F. Supp. 3d 754 (W.D. Mo. 2015) ......................................................................4, 7

*Khaliki v. Helzberg Diamond Shops, Inc.*,
No. 4:11-CV-00010-NKL, 2011 WL 1326660 (W.D. Mo. Apr. 6, 2011) ............................3, 5

*Kwan v. SanMedica Int'l*,
854 F.3d 1088 (9th Cir. 2017) ...................................................................................5

*Laster v. T–Mobile USA, Inc.*,
No. 05CV1167, 2009 WL 4842801 (S.D. Cal. 2009)...........................................................13

*Nicosia v. Amazon.com, Inc.*,
834 F.3d 220 (2d Cir. 2016)........................................................................................13

*O'Shea v. Littleton*,
414 U.S. 488 (1974).................................................................................................12

*Padilla v. Costco Wholesale Corp.*,
No. 11 C 7686, 2012 WL 2397012 (N.D. Ill. June 21, 2012) ..................................................8

*Park v. U.S. Forest Serv.*,
205 F.3d 1034 (8th Cir. 2000) .....................................................................................4

*Pelayo v. Nestle USA, Inc.*,
989 F. Supp. 2d 973 (C.D. Cal. 2013) ...........................................................................7

*Rahman v. Mott's LLP*,
No. CV 13-3482 SI, 2014 WL 5282106 (N.D. Cal. Oct. 15, 2014) .......................................13

*Red v. Kraft Foods, Inc.*,
No. 10-CV-1028-GW, 2012 WL 5504011 (C.D. Cal. Oct. 25, 2012)................................6, 10

*Renaissance Leasing, LLC v. Vermeer Mfg. Co.*,
322 S.W.3d 112 (Mo. 2010) ........................................................................................10

*Romero v. Flower Bakeries, LLC*,
No. 14-CV-05189-BLF, 2016 WL 469370 (N.D. Cal. Feb. 8, 2016).................................6, 10

*Speaks Family Legacy Chapels, Inc. v. Nat'l Heritage Enters., Inc.*,
No. 2:08-CV-04148-NKL, 2009 WL 2391769 (W.D. Mo. Aug. 3, 2009)....11

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011)....3

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998)....4

*Thornton v. Pinnacle Foods Grp. LLC*,
No. 4:16–CV–00158 JAR, 2016 WL 4073713 (E.D. Mo. Aug. 1, 2016)....5, 7

*U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*,
441 F.3d 552 (8th Cir. 2006)....3, 9

*Wheeler v. Am. Profit Recovery, Inc.*,
No. 4:15CV368 RLW, 2017 WL 44585 (E.D. Mo. Jan. 3, 2017)....14

**STATUTES**

MO. REV. STAT. § 407.010....2

MO. REV. STAT. § 407.020.1....4

MO. REV. STAT. § 407.025.1....4

**OTHER AUTHORITIES**

FED. R. CIV. P. 8....7

FED. R. CIV. P 8(a)....4

FED. R. CIV. P. 9(b)....1, 3, 4, 5, 7, 8, 9

FED. R. CIV. P. 12(b)(1)....3

FED. R. CIV. P. 12(b)(6)....2

# I. INTRODUCTION

Plaintiff Arnold Webb brings this nationwide consumer class action, alleging he was deceived by the label on Canada Dry Ginger Ale in violation of Missouri consumer statutes and the common law.[1] For the following reasons, Plaintiff's Complaint must be dismissed.

This is a misrepresentation case without an actionable misrepresentation. The entire lawsuit rests on the theory that Defendants Dr Pepper Snapple Group, Inc. and Dr Pepper/Seven Up, Inc. ("Defendants") misrepresented their beverages as being "Made From Real Ginger." Plaintiff, however, fails to plead facts showing that the beverages were *not* "made from real ginger." Instead, Plaintiff claims that he interpreted "Made *From* Real Ginger" to mean that the beverage contains "a detectable amount of ginger," *see, e.g.*, Compl. ¶ 3. But this interpretation of Defendants' label is unreasonable: Canada Dry Ginger Ale is a well-known ginger ale, and its natural flavor is made from real ginger, as the label claims. It is clear from reading the label as a whole that the beverage has flavor made *from* real ginger—not that it contains actual ginger root. Reasonable consumers cannot be deceived by isolated statements taken out of context, nor can Defendants be held liable for claims they did not make.

Plaintiff also disregards his Rule 9(b) pleading burden: Plaintiff's entire theory rests on a conclusion that an "independent laboratory" tested a beverage and could not "detect" the unspecified amount of ginger Plaintiff expected. Plaintiff does not, however, identify anything about who, when, or how such beverage was tested, or what they tested for, nor, importantly, how they came to the conclusion the product was not made from real ginger. *See* Compl. ¶ 20. Further, Plaintiff never alleges *what* he paid for the product, or specifically *when* he purchased it.

---

[1] This copy-cat Complaint mimics two previously filed putative class actions, since consolidated and pending in the Northern District of California, *see Fitzhenry-Russell, et al. v. Dr Pepper Snapple Group, Inc., et al.*, No. 5:17-cv-00565-NC, *and Hashemi, et al. v. Dr Pepper Snapple Group, Inc., et al.*, No. 5:17-cv-02341-NC.

Compl. ¶ 11. Similarly, Plaintiff alleges that Defendants falsely advertised Canada Dry Ginger Ale on television, but fails to allege *when* such commercials were broadcast, *what* commercials Plaintiff saw, *when* he saw them, or *which* purchases he made in reliance on them. *See* Compl. ¶ 11.

Finally, Plaintiff has not alleged Article III standing to maintain claims for injunctive and declaratory relief: he has failed to allege facts that demonstrate that he is realistically threatened by repetition or continuing, present adverse effects of the injury he has sued to redress. Having supposedly discovered that Canada Dry Ginger Ale is not as he expected, there is no threat that Plaintiff will be deceived again. Nor has Plaintiff alleged an intent to continue purchasing the product as presently labeled. Compl. ¶ 11.

## II. SUMMARY OF ALLEGED FACTS

Plaintiff contends that Defendants misrepresented Canada Dry Ginger Ale. Because its label says "Made From Real Ginger," he says he purchased the product expecting a "detectable amount" of ginger. *See, e.g.*, Compl. ¶¶ 3–5, 11, 20–27. Plaintiff brings a claim under the Missouri Merchandising Practices Act ("MMPA"), MO. REV. STAT. § 407.010, *et seq.*, common law claims for breach of express and implied warranties, fraud, intentional and negligent misrepresentation, and equitable claims for quasi contract, unjust enrichment, and restitution. Plaintiff seeks to litigate on behalf of a putative national class and subclass,[2] seeking declaratory and injunctive relief, restitution, compensatory damages, statutory and punitive damages, and attorneys' fees and costs.

[2] Plaintiff alleges a "Nationwide Class," on behalf of all persons in the United States who, within the relevant statute of limitations periods, purchased Canada Dry Ginger Ale, and a "Missouri Subclass," limited to Missouri residents. Compl. ¶¶ 31–32.

## III. APPLICABLE LEGAL STANDARDS

### A. Rule 12(b)(6)

A complaint must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.*

To make this "context-specific" determination, the Court must "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. This analysis provides a critical gatekeeping function, because claims must be sufficiently plausible "such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### B. Rule 9(b)

Rule 9(b) requires that, "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Under Rule 9(b), "the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as . . . when the acts occurred, who engaged in them, and what was obtained as a result," *i.e.*, "the 'who, what, where, when, and how' of the alleged fraud." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006). Rule 9(b) applies to claims brought under the MMPA. *See Khaliki v. Helzberg Diamond Shops, Inc.*, No. 4:11-CV-00010-NKL, 2011 WL 1326660, at *3 (W.D. Mo. Apr. 6, 2011).

### C. Rule 12(b)(1)

Article III of the United States Constitution grants federal courts limited jurisdiction to decide "cases and controversies." To satisfy this jurisdictional standing requirement, a plaintiff

must establish (1) an injury in fact, which is (2) fairly traceable to the defendant's conduct, and which (3) will likely be redressed by a favorable decision. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–181 (2000). To establish "injury in fact" when seeking injunctive relief, a plaintiff must show that he "faces a threat of ongoing or future harm." *Park v. U.S. Forest Serv.*, 205 F.3d 1034, 1037 (8th Cir. 2000). Under the redressability prong, the plaintiff must demonstrate that he "personally would benefit in a tangible way from the court's intervention." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 n.5 (1998).

## IV. ARGUMENTS AND AUTHORITIES

### A. The Failure to Plead An Actionable Misrepresentation Is Fatal to the Complaint.

The Complaint suffers from a fundamental flaw: Plaintiff has failed to plead an actionable claim that "Made From Real Ginger" was false, misleading, or unfair. That failure disposes of the entire case, because Plaintiff has premised every claim on that statement. *See, e.g.*, Compl. ¶¶ 47, 57, 65, 71, 79, 87, 95.

A civil action under the MMPA requires a showing of "the use or employment by another person of a method, act or practice declared unlawful by section 407.020." MO. REV. STAT. § 407.025.1. The unlawful practices set forth in Section 407.020 include "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact." MO. REV. STAT. § 407.020.1. The MMPA's "fundamental purpose is the 'protection of consumers'" *Huch v. Charter Commc'ns, Inc.*, 290 S.W.3d 721, 724 (Mo. 2009). Missouri courts necessarily dismiss consumer class actions where it is not plausible that a *reasonable* consumer is likely to be deceived by the product labeling. *See Kelly v. Cape Cod Potato Chip Co.*, 81 F. Supp. 3d 754, 761 (W.D. Mo. 2015) ("where a Court can conclude as a matter of law that members of the public are not likely to be deceived by the product packaging, dismissal is appropriate"). This Complaint is subject to even greater scrutiny

because it is "grounded in fraud" and, as such, must meet the particularized pleading requirements imposed by Rule 9(b). *Khaliki*, 2011 WL 1326660, at *3. Consumer class actions must be dismissed where the plaintiff does not plead the "who, what, when, where and how" of their claim. *Thornton v. Pinnacle Foods Grp. LLC*, No. 4:16–CV–00158 JAR, 2016 WL 4073713, at *2 (E.D. Mo. Aug. 1, 2016).

Here, Plaintiff fails under both Rule 8(a) and the higher bar set by Rule 9(b). Throughout the Complaint, Plaintiff insists that "Made From Real Ginger" is misleading, fraudulent, or deceptive, *see, e.g.*, Compl. ¶¶ 5, 27, 63. But nowhere does he backstop that conclusion with a cogent factual pleading that Canada Dry Ginger Ale is *not*, in fact, made "from" real ginger. Instead, Plaintiff bases his lawsuit ***entirely*** on the contention that "independent testing by a laboratory determined that [Canada Dry Ginger Ale] does not contain a detectable amount of ginger." Compl. ¶ 22. That theory fails for multiple reasons.

First, Plaintiff has not identified a false or misleading statement in his Complaint. Plaintiff contends that Defendants' labeling represents that Canada Dry Ginger Ale *contains* a particular "detectable" concentration of ginger. In fact, the labeling on Canada Dry Ginger Ale represents, truthfully, that Canada Dry Ginger Ale is made *from* real ginger, *i.e.*, that ginger *is used* in creating the product (specifically, in creating the Ginger Ale's "natural flavor"). *From* is not synonymous with the word *contains*. Fraud and misrepresentation claims require Plaintiff to plead the falsity of factual, measurable statements—and Plaintiff cannot rewrite what was actually said, and call it a lie. *See Cole v. Homier Distrib. Co.*, No. 4:07-CV-1493 (JCH), 2007 WL 4233636, at *3–4 (E.D. Mo. Nov. 28, 2007) (dismissing fraud claim for failure to allege falsity); *see also Kwan v. SanMedica Int'l*, 854 F.3d 1088, 106–97 (9th Cir. 2017) (dismissing deceptive advertising claim for failure to allege falsity); Order re: Motion to Dismiss Complaint,

*Chuang v. Dr Pepper Snapple Group, Inc., et. al.*, No. CV 17-01875-MWF (MRWx), Docket No. 57 (C.D. Cal. Sept. 20, 2017) (dismissing claims against fruit snacks for failure to plead falsity: plaintiff did not show how images of fruit and statement, "made with real fruit and vegetable juice," were false).

Second, Plaintiff's interpretation of "Made From Real Ginger" is unreasonable. Plainly, Canada Dry Ginger Ale is a well-known soft drink, and a particular type of soft drink—a ginger ale. Ginger ales are characterized by and known for their ginger flavor. Unlike some soft drinks that contain artificial flavors, Canada Dry Ginger Ale's natural flavor is made from real ginger. Defendants did not say, nor would a reasonable consumer expect, that some particular level of ginger root would be floating in the beverage. This is precisely why courts dismiss, as a matter of law, *unreasonable* consumer claims that labeling a product as "made with," or from, some ingredient "convey[s] to consumers that the product contains a 'significant' amount of that ingredient." *Chuang*, No. CV 17-01875-MWF (MRWx), at 8 (citing *Henderson v. Gruma Corp.*, 10-cv-04173, 2011 WL 1362188, at *12 (C.D. Cal. Apr. 11, 2011); *Red v. Kraft Foods, Inc.*, No. 10-CV-1028-GW (AGRx), 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012) ("Plaintiffs' theory of the case is that the packaging suggests the product is *healthy* and contains a *significant amount* of vegetables," because the packaging boasts that the crackers are made with real vegetables and depicts vegetables. The fact remains that the product is a box of crackers, and a reasonable consumer will be familiar with the fact of life that a cracker is not composed of primarily fresh vegetables."); *Romero v. Flower Bakeries, LLC*, No. 14-CV-05189-BLF, 2016 WL 469370, at *6–7 (N.D. Cal. Feb. 8, 2016) ("[T]he Court cannot agree with Plaintiff that the word 'wheat' combined with 'wholesome wheat' and 'healthy grains' or 'Healthy White' alongside images of wheat stalks with honey pots could lead a reasonable

consumer to conclude that the breads 'contain a *significant amount* of whole wheat and are thus healthier than other white breads.'")).

Plaintiff's "detectable amount of ginger" theory is also foreclosed by the *rest* of the label. The ingredients listed on that *very same* label, in accordance with FDA ingredient-labeling requirements, make clear that the beverage does *not* contain ginger as a separate declared ingredient.[3] Reasonable consumers are not deceived by isolated statements, and courts have held that product labeling *in context* is not deceptive where, as here, the label fully discloses all of the ingredients. *See Chuang*, No. CV 17-01875-MWF (MRWx), at 10 (dismissing challenge to product label, as a matter of law, where, "reasonable consumer could not be misled" by qualities or quantities of fruit when label read "as a whole" and in light of ingredients); *Kelly*, 81 F. Supp. 3d at 761–62 (plaintiffs' belief that product was "all natural," and did not contain unnatural ingredients, was implausible where label clearly disclosed presence of unnatural ingredients). Here, the label in question reads, "Ginger Ale, 100% Natural Flavors," in addition to "Made From Real Ginger," and does not once mention "ginger" on the ingredients list. It is thus unreasonable for any consumer to believe that the beverage contained some unspecified "detectable" amount of ground or powdered ginger. *See Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 980 (C.D. Cal. 2013) (ambiguity on label was clarified by detailed ingredient list).

Finally, Plaintiff has not satisfied his Rule 9(b) obligation to plead the falsity of the label with particularity. To the contrary, Plaintiff merely asserts that "independent testing by a laboratory determined that [Canada Dry Ginger Ale] does not contain a detectable amount of ginger," Compl. ¶ 22. That is *not* particularity. *Thornton*, 2016 WL 4073713, at *2. *Who* is the

[3] Plaintiff conveniently omits the full label from his selective images. *See, e.g.*, Compl. ¶ 15. It is properly before the Court for the reasons set forth in the Request for Judicial Notice, filed herewith.

"independent" "laboratory"? *What* did the laboratory test?—*i.e.*, the actual beverages that Plaintiff claims to have purchased? *What* markers of ginger did they test for, and based on *what* "detectable" standard? *When* and *how* was the test conducted?—*i.e.*, what equipment, technique, and in accordance with what objective standards?

Plaintiff's single conclusory statement about "testing," without supporting details, is not the particularized pleading Rule 9(b) requires. *See, e.g.*, *Padilla v. Costco Wholesale Corp.*, No. 11 C 7686, 2012 WL 2397012, at *4 (N.D. Ill. June 21, 2012) (allegations that "'numerous clinical studies'" showed falsity were deficient: "some level of detail of the fraud beyond what [was] pled is required," including "'how' Costco's product labels were fraudulent"); *Cal. Pub. Emp.'s Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 147 (3d Cir. 2004) (dismissing allegations based on a single "report" that failed to "identify who authored the alleged report, when it was authored, who reviewed the report, and what data its conclusions were based upon"). Further, the error in Plaintiff's allegation here is not simply the lack of detail. Plaintiff attempts to use vague allegations of "independent testing" to plead the falsity of a claim Defendants never made. Thus, setting aside Plaintiff's pleading inadequacy, Plaintiff's allegations about testing are irrelevant to the actual statement on the label. Here, Plaintiff has not alleged *any* facts, much less sufficiently particular facts, which, if true, demonstrate that Defendants' labeling is false or misleading.

Plaintiff cannot bolster his failed challenge to the Canada Dry Ginger Ale label with a broad-brush attack on Defendants' television advertising campaign. *See* Compl. ¶¶ 16–18. Nor can Plaintiff base a class action on snapshots that counsel downloaded from the internet that do not even contain any allegedly false factual statements. *See* Compl. ¶¶ 15–18. *None* of the advertising promises any "detectable" level of ginger, or makes any actionable claim. *See supra*

§ IV.A,[4] Here, too, Plaintiff's allegations fall short of the particularity demanded by Rule 9(b). Plaintiff fails to allege *(i) when* these commercials were broadcast, *(ii) what* commercials Plaintiff actually saw; *(iii) when* he claims to have been duped by them; or *(iv) which* purchases he made in reliance on them. *See* Compl. ¶ 11. *See St. Luke's Hosp., Inc.*, 441 F.3d at 556 (plaintiff must identify the "'who, what, where, when, and how'"). To the extent the Complaint says anything particular, it is only that the websites supposedly containing the commercials were "last visited on July 24 [or 25], 2017." This lone fact is insufficient to support a claim for false advertising.

That Plaintiff has premised his entire claim on unspecified independent laboratory testing distinguishes the instant case from the parallel putative class action pending in the Northern District of California, *see Fitzhenry-Russell, et al. v. Dr Pepper Snapple Group, Inc., et al.*, No. 5:17-cv-00565-NC. As noted *supra*, in note 1, *Webb* is the third-filed putative class action against defendants related to this labeling—these putative classes all bring national class claims, which Defendants believe are inappropriate under the Supreme Court's recent holding in *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F Cty.*, 137 S. Ct. 1773 (2017). The *Fitzhenry* Court recently denied Defendants' motion to dismiss in *Fitzhenry*, permitting the *Fitzhenry* plaintiffs' similar class action challenge to continue beyond the Rule 12 motion stage. Defendants respectfully disagree with the *Fitzhenry* Court's order and are still evaluating the district court's opinion and Defendants' options, but believe it appropriate to advise the Court of the opinion. In particular, Defendants believe that the *Fitzhenry* court incorrectly applied a functionally lower

[4] If anything, the advertising slogans Plaintiff cites—"refreshingly real ginger taste" and "the taste of real ginger"—are mere "puffery" that never support a misrepresentation claim, because there is no objective standard to determine whether a product tastes "refreshing" or like real ginger. *See Cortinas v. Behr Process Corp.*, No. 4:16-CV-1718 (CEJ), 2017 WL 2418012, at *2 (E.D. Mo. June 5, 2017). Of course, Plaintiff also never alleges that the beverages do *not* taste like real ginger.

"reasonable consumer" standard under California consumer statutes than the standard applied by other federal courts in California. *See, e.g.*, *Kraft Foods*, 2012 WL 5504011, at *3; *Romero*, 2016 WL 469370, at *6–7. Indeed, just last week, the same Court reaffirmed the principle in *Chuang v. Dr Pepper Snapple Group, Inc.*, that: (1) where statements on a label are *truthful*, courts may dismiss claims that those statements or depictions are misleading; and (2) packaging is properly considered "as a whole," and true label statements are not misleading, where the ingredients list clearly identifies the ingredients in the product. *See* No. CV 17-01875-MWF (MRWx) (C.D. Cal. Sept. 20, 2017). Courts across the country continue to affirm these principles. *See, e.g.*, Memo Endorsement Granting Motion to Dismiss, *Jessanini et al. v. Monini N. Am., Inc.*, Case No. 1:17-cv-03257-LLS, Docket No. 18 (S.D.N.Y. Aug. 3, 2017) (dismissing claims challenging olive oil label as misleading where label depicted white truffle and read, "Monini's White Truffle Flavored Oil," and ingredients list did not identify truffle, because truthful ingredient list prevented reasonable consumer from being misled). Absent a cogent, particular pleading of a false or misleading statement, the Complaint must be dismissed. *See Cole*, 2007 WL 4233636, at *3–4 (dismissing fraud claim for failure to allege falsity).

**B. The Warranty Claims Fail to State a Claim (Counts II, III).**

Plaintiff's breach of express and implied warranty claims fail because they too rest on the flawed theory that Defendants misrepresented the contents of Canada Dry Ginger Ale. Breach of express warranty requires that a plaintiff prove, *inter alia*, that the defendant sold goods to the plaintiff, made a statement of fact about those goods, and the goods did not conform to that statement. *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 122 (Mo. 2010). Thus, breach of an express warranty requires a showing that Defendants made false statements of fact about Canada Dry Ginger Ale. As discussed *supra*, Section II.A, Plaintiff's Complaint fails to plausibly allege that *any* of the representations found on the Canada Dry Ginger Ale labels

were false or likely to mislead a *reasonable* consumer. That central defect is not cured by recasting a tort claim as a "warranty" claim.

Missouri also recognizes an implied warranty of merchantability in consumer transactions, which requires that goods be "fit for the ordinary purposes for which [they] are used.'" *Hope v. Nissan North Am., Inc.*, 353 S.W.3d 68, 89–90 (Mo. Ct. App. 2011). Plaintiff does not allege that Canada Dry Ginger Ale is not "fit for the ordinary purpose" for which it is used, nor could he. Canada Dry Ginger Ale is a carbonated soft drink that is meant to be consumed and enjoyed as a beverage; there is no claim that it was not fit for that purpose.

### C. The Quasi Contract, Unjust Enrichment, and Restitution Claims Fail (Count VII).

Under Missouri law, a claim for unjust enrichment arises out of quasi-contract, and has three elements: "(1) that a defendant was enriched by the receipt of a benefit, (2) that the enrichment was at the expense of the plaintiff, and (3) that it would be unjust to allow the defendant to retain the benefit." *Exec. Bd. of Mo. Baptist Conv. v. Windermere Baptist Conf. Ctr.*, 280 S.W.3d 678, 697 (Mo. Ct. App. 2009). Here, Plaintiff fails to allege even the first of these essential elements: that a benefit was *ever* conferred on Defendants by Plaintiff. *See Speaks Family Legacy Chapels, Inc. v. Nat'l Heritage Enters., Inc.*, No. 2:08-CV-04148-NKL, 2009 WL 2391769, at *4 (W.D. Mo. Aug. 3, 2009) (dismissing unjust enrichment claim where plaintiffs did not allege that plaintiffs' money passed *directly* to defendants). Similarly, a claim for restitution requires that a defendant possess money that in equity and good conscience belongs to the plaintiff. *DeCoursey v. Am. Gen. Life Ins. Co.*, 822 F.3d 469, 475–76 (8th Cir. 2016). Plaintiff has made no such allegation.

Further, Plaintiff has failed to allege that Defendants engaged in some kind of wrongful or inequitable conduct on the part of defendants to justify recovery. He alleges that it is inequitable for Defendants to retain profits, benefits, or compensation received from selling

Canada Dry Ginger Ale because Defendants misrepresented their products. Compl. ¶¶ 152, 155. But for the reasons discussed *infra*, Section II.B, Plaintiff has not sufficiently alleged that Defendants' label was false or misleading.

**D. Plaintiff Lacks Standing to Seek Declaratory and Injunctive Relief.**

Plaintiff also prays to recover injunctive relief, but never specifically alleges the terms or the substance of the injunction he seeks. *See, e.g.*, Compl. ¶¶ 7, 41, 54 and page 21. He also seeks declaratory relief, but never clearly articulates what he would like the Court to declare. Compl. ¶ 7 and page 21. In addition to the impermissible vagueness and ambiguity of the requested relief, Plaintiff has not met his burden to plead Article III standing.

Plaintiff must plead facts demonstrating his standing under Article III to pursue the relief that he seeks. *See Demien Constr. Co. v. O'Fallon Fire Protection Dist*, 72 F. Supp. 3d 967, 972 (E.D. Mo. 2014). To do so, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth*, 528 U.S. at 180–81.

To state claims for a declaratory judgment or injunction, Plaintiff must demonstrate that *he* is realistically threatened by *repetition* or continuing, present adverse effects of the injury he has sued to redress. *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Id.*

Here, Plaintiff has not alleged "any real or immediate threat that he will be wronged again." *City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983). Nor does he allege any "continuing present adverse effects" from Canada Dry Ginger Ale. Nor could he. To the contrary, Plaintiff

alleges that he "would not have purchased" Canada Dry Ginger Ale had he been aware of the alleged misrepresentations for which he now sues. *See, e.g.*, Compl. ¶¶ 11, 27, 52. As he is now *aware* of the supposed truth about the products, he does not "face a future or continuing economic harm" from being deceived by the same Canada Dry labels. *See, e.g.*, *Rahman v. Mott's LLP*, No. CV 13-3482 SI, 2014 WL 5282106, at *6 (N.D. Cal. Oct. 15, 2014) (no standing to seek injunctive relief where plaintiff is now fully aware of truth behind allegedly misleading statement; desire to purchase product in future if statement is removed is insufficient). Indeed, Plaintiff never alleges he intends purchase Defendants' product *again*: rather, he states he would *only* purchase Canada Dry Ginger Ale in the future if it was reformulated to contain whatever he deems a "detectable amount" of ginger, Compl. ¶ 30. This fails the standard for standing under Article III. *See In re Simply Orange Juice Mktg. & Sale Practices Litig.*, No. 4:12-md-02361-FJG, 2017 WL 3142095, at *6 (W.D. Mo. July 24, 2017) (rejecting injunctive class claims where plaintiffs were "already on notice of defendant's practices" and did not allege intent to purchase orange juice in future); *see also Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) (plaintiff lacked standing where he failed to allege intent to use Amazon in future to buy food, drug, weight loss products).[5] Plaintiff is now fully aware of the alleged deception upon which he sues, *i.e.*, that Canada Dry Ginger Ale does

[5] Indeed, *had* Plaintiff alleged his future intent to purchase the product, those allegations would still be insufficient, because Plaintiff cannot now be deceived by the product labeling he is challenging. As evidenced by his present suit, he is now fully cognizant that Canada Dry Ginger Ale does not contain the unspecified *amount* of real ginger that he expected, and he cannot reasonably be misled into believing otherwise by the same packaging in the future. *Castagnola v. Hewlett–Packard Co.*, No. C 11-05772 JSW, 2012 WL 2159385, *6 (N.D. Cal. 2012) (plaintiffs lacked standing because they "now have knowledge of the terms and conditions of the program."); *Laster v. T–Mobile USA, Inc.*, No. 05CV1167, 2009 WL 4842801, *3–4 (S.D. Cal. 2009) (plaintiffs lacked standing because they "now know Defendants will seek sales tax reimbursement on any bundled wireless phone purchase . . . Plaintiffs' knowledge precludes them from showing likelihood of future injury.").

not contain whatever acceptably "detectable" level of ginger he claims to have wanted. *See* Compl. ¶¶ 11, 20. Thus, Plaintiff is under no legitimate "threat of suffering actual or imminent future harm" as a result of Defendants' alleged deception, and as such cannot maintain claims for injunctive or declaratory relief.

Finally, because the Plaintiff individually lacks standing, the Court also lacks jurisdiction over the putative class claims for declaratory and injunctive relief. *See Wheeler v. Am. Profit Recovery, Inc.*, No. 4:15CV368 RLW, 2017 WL 44585, at *2 (E.D. Mo. Jan. 3, 2017) ("Individual Article III standing is a prerequisite for all actions, including class actions." (quoting *Chorosevic v. MetLive Choices*, No. 4:05–CV–2394 CAS, 2007 WL 2159475, at *3 (E.D. Mo. July 26, 2007))).

## V. CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint.

DATED: September 27, 2017

By: */s/ Stacey R. Gilman*

**BERKOWITZ OLIVER LLP**
Stacey R. Gilman, MO Bar #55690
sgilman@berkowitzoliver.com
2600 Grand Blvd., Suite 1200
Kansas City, MO 64108
Telephone: (816) 561-7007
Facsimile: (816) 561-1888

**BAKER BOTTS L.L.P.**
Jonathan A. Shapiro (*pro hac vice*)
jonathan.shapiro@bakerbotts.com
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (415) 291-6204
Facsimile: (415) 291-6304

Van H. Beckwith (*pro hac vice*)
van.beckwith@bakerbotts.com
Monica R. Hughes (*pro hac vice*)
monica.hughes@bakerbotts.com
2001 Ross Avenue, Suite 600
Dallas, TX 75201-2980
Telephone: (214) 953-6500
Facsimile: (214) 953-6503

***Attorneys for Defendants Dr Pepper Snapple Group, Inc. and Dr Pepper/Seven Up, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2017, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send notice of filing to all counsel of record.

*/s/ Stacey R. Gilman*
Attorney for Defendants
DR PEPPER SNAPPLE GROUP, INC. AND DR PEPPER/SEVEN UP, INC.