# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | |
|---|---|
| ARNOLD E. WEBB JR., Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DR PEPPER SNAPPLE GROUP, INC., AND DR PEPPER/SEVEN UP, INC.<br><br>Defendants. | Case No. 4:17-cv-00624-RK |

## DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS CLASS ACTION COMPLAINT UNDER RULES 12(b)(6), 12(b)(1), AND 9(B)

Defendants Dr Pepper Snapple Group, Inc. and Dr Pepper/Seven Up, Inc. (together, "DPSG") hereby respectfully request, pursuant to Federal Rule of Evidence 201, that the Court take judicial notice of certain labels, true and correct images of which are attached as Exhibits A and B to the Declaration of Danh Loyd in Support of Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint (the "Loyd Decl."), which is being filed concurrently herewith.

In general, the Court may take judicial notice of any fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." FED. R. EVID. 201(b). A court shall take judicial notice if requested by a party and supplied with the necessary information. Fed. R. Evid. 201(d); *see also United States v. Deckard*, 816 F.2d 426, 428 (8th Cir. 1987).

Courts may take judicial notice of food and beverage labels when those labels form the basis of the relevant cause of action. Plaintiffs' Complaint attaches images of a selective *portion* of Defendants' product labels, *see* Compl. ¶ 17, and relies on those partial images repeatedly, *see, e.g., id.* ¶¶ 2, 11–13, 21. Because "these labels form the basis of the relevant causes of

02067393.DOCX;-1

action," the Court should consider them in their entirety for purposes of defendants' motion to dismiss. *Von Koenig v. Snapple Beverage Corp.*, 713 F. Supp. 2d 1066, 1073 (E.D. Cal. 2010); *see also In re Avandia Mktg. Sales Practices & Prods. Liability Litig.*, 588 F. App'x 171, 174 n.14 (3rd Cir. 2014) (taking judicial notice of labels' content where complaint explicitly referred to labels and those documents were publicly available); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010).

Accordingly, for the reasons set forth, and pursuant to Federal Rule of Evidence 201, DPSG respectfully requests that the Court take judicial notice of the following exhibits to the Loyd Decl.:

- Exhibit A: a true and correct image of the label for Canada Dry Ginger Ale that was used in the marketplace at the time Plaintiffs allegedly purchased Canada Dry Ginger Ale (*i.e.*, in the past year).

- Exhibit B: a true and correct image of the label for Canada Dry Ginger Ale, which may have been used for a short period of time in 2016 and 2017.

DATED: September 27, 2017             By: */s/ Stacey R. Gilman*

**BERKOWITZ OLIVER LLP**
Stacey R. Gilman, MO Bar #55690
sgilman@berkowitzoliver.com
2600 Grand Blvd., Suite 1200
Kansas City, MO 64108
Telephone:  (816) 561-7007
Facsimile:  (816) 561-1888

**BAKER BOTTS L.L.P.**
Jonathan A. Shapiro (*pro hac vice*)
jonathan.shapiro@bakerbotts.com
101 California Street, Suite 3600
San Francisco, CA  94111
Telephone:  (415) 291-6204
Facsimile:  (415) 291-6304

Van H. Beckwith (*pro hac vice*)
van.beckwith@bakerbotts.com
Monica R. Hughes (*pro hac vice*)
monica.hughes@bakerbotts.com

2001 Ross Avenue, Suite 600
Dallas, TX 75201-2980
Telephone: (214) 953-6500
Facsimile: (214) 953-6503

***Attorneys for Defendants Dr Pepper Snapple
Group, Inc. and Dr Pepper/Seven Up, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2017, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send notice of filing to all counsel of record.

*/s/ Stacey R. Gilman*
Attorney for Defendants
DR PEPPER SNAPPLE GROUP, INC.
AND DR PEPPER/SEVEN UP, INC.