Tim E. Dollar, Missouri Bar No. 33123
**DOLLAR BURNS & BECKER, L.C.**
1100 Main Street, Suite 2600
Kansas City, MO 64105
Telephone: (816) 876-2600
Facsimile: (816) 221-8763
E-mail: timd@dollar-law.com

*Attorneys for Plaintiff Arnold E. Webb Jr.*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ARNOLD E. WEBB JR., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DR PEPPER SNAPPLE GROUP, INC., and DR PEPPER/SEVEN UP, INC.,<br><br>Defendants. | Case No.: 4:17-cv-00624-RK |

# PLAINTIFF'S SUGGESTIONS IN OPPOSITION OF DEFENDANTS' MOTION TO DISMISS

# TABLE OF CONTENTS

I.    Introduction ................................................................................................................. 1

II.   Factual Background ...................................................................................................... 1

III.  Legal Standard ............................................................................................................. 2

IV.   Argument ..................................................................................................................... 2

   A.  Plaintiff Has Alleged An Actionable Misrepresentation under Rule 8 ............................ 2

     1. Plaintiff Adequately Pleads That The "Made from Real Ginger" Representation Is False  3

     2. Missouri Law Prohibits Representation That May Be Truthful But Nonetheless Misleading ........................................................................................................................ 4

     3. A Reasonable Consumer Could be Misled Into Believing That The Product Contains At Least Some Ginger .................................................................................................... 5

   B.  Plaintiff's Allegations Are Also Sufficient Under Rule 9(b) ............................................ 7

   C.  Plaintiff's Claims Based On Defendants' Television Advertising Campaign Also Meet The 9(b) Requirement ............................................................................................ 10

   D.  Plaintiff's Warranty Claims Do Not Fail ......................................................................... 12

     1.    Plaintiff Has Stated a Cause of Action for Breach of Express Warranty .................... 12

     2.    Plaintiff Has Stated A Claim For Breach Of Implied Warranty ................................. 13

   E.  Plaintiff's Unjust Enrichment Claim Should Not Be Dismissed ..................................... 13

   F.  Plaintiff Have Standing To Seek Injunctive and Declaratory Relief ............................... 14

V.    Conclusion .................................................................................................................. 15

{350950.DOCX }i

# TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page(s)**

*Albert v. Blue Diamond Growers*,
    151 F. Supp. 3d 412 (S.D.N.Y. 2015).......................................................................................6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................................2

*Berry v. Volkswagen Grp. of Am., Inc.*,
    397 S.W.3d 425 (Mo. 2013) ...............................................................................................15

*BJC Health Sys. v. Columbia Cas. Co.*,
    478 F.3d 908 (8th Cir. 2007) ................................................................................................8

*Bratton v. Hershey Co.*,
    No. 2;16-cv-4322-C-NKL,
    2017 U.S. Dist. LEXIS 74508, (W.D. Mo. May 16, 2017) ................................5, 6, 7, 14, 15

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*,
    137 S. Ct. 1773 (2017)........................................................................................................11

*Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*,
    394 F.3d 126 (3d Cir. 2004)................................................................................................10

*CCA Glob. Partners, Inc. v. Yates Carpet, Inc.*,
    No. 4:06 CV 15 JCH, 2006 U.S. Dist. LEXIS 72656 (E.D. Mo. Oct. 5, 2006) ....................14

*Chuang v. Pepper Snapple Group.*,
    No. CV 17-01875-MWF,
    2017 U.S. Dist. LEXIS 163337 (C.D. Cal. Sep. 20, 2017)...............................................4, 6

*Cole v. Homier Distrib. Co.*,
    No. 4:07-CV-1493 (JCH),
    2007 U.S. Dist. LEXIS 87557 (E.D. Mo. Nov. 28, 2007)..................................................3, 4

*Coleman v. Watt*,
    40 F.3d 255 (8th Cir. 1994) .................................................................................................2

*In re ConAgra Foods, Inc.*,
    908 F. Supp. 2d 1090 (C.D. Cal. 2012) ................................................................................8

*Downing v. Riceland Foods, Inc.*,
    No. 4:13CV321 CDP,
    2015 U.S. Dist. LEXIS 34154 (E.D. Mo. Mar. 19, 2015) ...................................................13

*Fonseca v. Goya Foods, Inc.*,
  No. 16-CV-02559-LHK,
  2016 U.S. Dist. LEXIS 121716 (N.D. Cal. Sep. 8, 2016) ......................................................9

*Friedman v. Rayovac Corp.*,
  295 F. Supp. 2d 957 (W.D. Wis. 2003) ..............................................................................10

*Garrett v. Cassity*,
  No. 4:09CV01252 ERW,
  2011 U.S. Dist. LEXIS 82884 (E.D. Mo. July 28, 2011) ...................................................14

*Gill Constr., Inc. v. 18th & Vine Auth.*,
  No. 05-0608-CV-W-SOW,
  2006 U.S. Dist. LEXIS 33457 (W.D. Mo. May 24, 2006) ....................................................2

*Grantham v. Wal-Mart Stores, Inc.*,
  No. 08-3466-CV-S-GAF,
  2012 U.S. Dist. LEXIS 194352 (W.D. Mo. Feb. 28, 2012).................................................13

*Henderson v. Gruma Corp.*,
  No. CV 10-04173 AHM,
  2011 U.S. Dist. LEXIS 41077, (C.D. Cal. Apr. 11, 2011) ....................................................4

*Holden Farms, Inc. v. Hog Slat, Inc.*,
  347 F.3d 1055 (8th Cir. 2003) ..............................................................................................2

*Jackie Fitzhenry-Russell, et al. v. Dr Pepper Snapple Group, Inc., et al.*,
  Case No. 5:17-cv-00564-NC ........................................................................................ *passim*

*Kelly v. Cape Cod Potato Chip Co.*,
  81 F. Supp. 3d 754 (W.D. Mo. 2015) ...................................................................................7

*Kwan v. SanMedica Int'l*,
  No. 15-15496, 2017 U.S. App. LEXIS 6995 (9th Cir. Apr. 21, 2017)..................................3

*Lam v. Gen. Mills, Inc.*,
  859 F. Supp. 2d (N.D. Cal. 2012) .........................................................................................6

*Lusby v. Union Pacific R.R. Co.*,
  4 F.3d 639 (8th Cir. 1993) ..................................................................................................11

*Murphy v. Stonewall Kitchen, LLC*,
  503 S.W.3d 308 (Mo. Ct. App. 2016)...........................................................................5, 7, 11

*Ossman v. Diana Corp.*,
  825 F. Supp. 870 (D. Minn. 1993)........................................................................................2

*Padilla v. Costco Wholesale Corp.*,
   No. 11 C 7686, 2012 U.S. Dist. LEXIS 87222 (N.D. Ill. June 21, 2012) ................................9

*Podobedov v. Living Essentials*,
   LLC, No. CV 11-6408 PSG,
   2012 U.S. Dist. LEXIS 91388 (C.D. Cal. Mar. 22, 2012) .....................................................12

*Rawa v. Monsanto Co.*,
   No. 4:17CV01252 AFG,
   2017 U.S. Dist. LEXIS 124044 (E.D. Mo. Aug. 7, 2017) ......................................................5

*Red v. Kraft Foods, Inc.*,
   No. CV 10-1028-GW(AGRx),
   2012 U.S. Dist. LEXIS 164461 (C.D. Cal. Oct. 25, 2012) .....................................................6

*Romero v. Flowers Bakeries, LLC*,
   No. 14-cv-05189-BLF,
   2016 U.S. Dist. LEXIS 15868 (N.D. Cal. Feb. 8, 2016) ........................................................6

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
   996 F. Supp. 2d 942 (S.D. Cal. 2014).....................................................................................12

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   No. M 07-1827 SI, 2011 WL 4345446 (N.D. Cal. Sept. 15, 2011) .......................................14

*Thornton v. Pinnacle Foods Grp. LLC*,
   No. 4:16-CV-00158 JAR,
   2016 U.S. Dist. LEXIS 99975, (E.D. Mo. Aug. 1, 2016) .........................................4, 5, 7, 8, 9

*Toben v. Bridgestone Retail Operations, LLC*,
   No. 4:11-CV-1834 (CEJ),
   2013 U.S. Dist. LEXIS 137317 (E.D. Mo. Sep. 25, 2013), (8th Cir. 2014) ...........................4

*United States v. Any & All Radio Station Transmission Equip.*,
   207 F.3d 458 (8th Cir. 2000) ...................................................................................................3

*White v. Just Born, Inc.*,
   No. 2:17-cv-04025-C-NKL,
   2017 U.S. Dist. LEXIS 114305 (W.D. Mo. July 21, 2017)........................................7, 14, 15

*Williams v. Gerber Prods. Co.*,
   552 F.3d 934 (9th Cir. 2008) ...................................................................................................6

*Wright v. Brooke Grp. Ltd.*,
   114 F. Supp. 2d 797 (N.D. Iowa 2000)...................................................................................10

**Statutes**

15 C.S.R. § 60–9.020(1) ..................................................................................................4

Cal. Comm. Code § 2313 ..............................................................................................12

Mo. Rev. Stat. § 400.2-313 ...........................................................................................12

Mo. Rev. Stat. § 400.2-314(2) .......................................................................................13

Mo. Rev. Stat. § 407.025(2) ..........................................................................................14

{350950.DOCX }v

# I.    Introduction

Defendants Dr Pepper Snapple Group, Inc. and Dr Pepper/Seven Up, Inc. ("Defendants") tout their Canada Dry Ginger Ale ("Product") as a product "Made from Real Ginger."  Now, in their Motion to Dismiss ("MTD") Plaintiff Arnold Webb's ("Plaintiff") Class Action Complaint ("CAC")[1], Defendants contend that the Product only uses ginger in "creating the product."  MTD at 5.  Defendants predicate their MTD on the argument that because the representation "Made from Real Ginger" is supposedly true, Plaintiff have failed to allege an actionable misrepresentation, and that it would be unreasonable for a consumer to believe that there would be even a nominal amount of ginger in the Product.

The Court should deny Defendants' MTD in its entirety for the following reasons, *inter alia*: (1) Plaintiff has adequately pleaded that the "Made from Real Ginger" representation is false, as well as why it is false.  The truth of such representation hinges on questions of fact that are not appropriate for resolution on a motion to dismiss; (2) Even if the representation is supposedly true in some sense, a challenged representation need not be false to be actionable under the Missouri Merchandising Practices Act ("MMPA") if it misleads or has the capacity, likelihood, or tendency to deceive or confuse the public; and (3) Whether the representation is misleading to reasonable consumers of the Product is a question of fact for the jury.

# II.    Factual Background

This class action challenges Defendants' intentional false and misleading labeling, packaging and advertising of the Product.  CAC ¶ 1.  Plaintiff alleges that during the Class Period, Defendants labeled, packaged, and marketed the Product as being "Made from Real Ginger" when independent testing by a laboratory determined the Product contains no detectable level of ginger.  *Id*. at ¶¶ 2-3.

---

[1] While some of the allegations and claims in this Action are similar to the allegations and claims in the *Jackie Fitzhenry-Russell, et al. v. Dr Pepper Snapple Group, Inc., et al.*, Case No. 5:17-cv-00564-NC, this Action is distinguishable in that Plaintiff's counsel had independent laboratory testing performed on the Product.  Additionally, this Action alleges violations of Missouri law, while the *Fitzhenry-Russell* action alleges violations of California law.

{350950.DOCX }1

Plaintiff and other consumers saw and relied on Defendants' "Made from Real Ginger" representation in purchasing the Product, and reasonably believed that ginger would be present in the Product. *Id.* at ¶ 5. Had they known that the Product did not contain ginger, they would have paid significantly less for, or would not have purchased, the Product. *Id.* As a result, Plaintiff and other consumers have been deceived and have suffered injury. *Id.* Despite being deceived, Plaintiff would likely purchase the Product in the future if it was reformulated to include at least a detectable amount of ginger. *Id.* at ¶ 30.

## III.    Legal Standard

On a motion to dismiss it is the defendant's burden to show that the plaintiff cannot state a claim for relief. *Gill Constr., Inc. v. 18th & Vine Auth.*, No. 05-0608-CV-W-SOW, 2006 U.S. Dist. LEXIS 33457, at *3-4 (W.D. Mo. May 24, 2006). For purposes of evaluating a motion to dismiss, "[t]he complaint must be liberally construed in the light most favorable to the plaintiff." *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). The court will dismiss only those claims for which it appears "beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief." *Holden Farms, Inc. v. Hog Slat, Inc.*, 347 F.3d 1055, 1059 (8th Cir. 2003). "In addition, the court must resolve any ambiguities concerning the sufficiency of the plaintiffs' claims in favor of the plaintiffs." *Ossman v. Diana Corp.*, 825 F. Supp. 870, 880 (D. Minn. 1993). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV.   Argument

### A.    Plaintiff Has Alleged An Actionable Misrepresentation under Rule 8

Defendants' MTD is premised on their overarching contention that because the "Made from Real Ginger" representation is supposedly true, Plaintiff has not identified a false statement in his CAC. MTD at 5. Defendants suggest that because ginger "*is used* in creating the product", the representation is supposedly accurate and therefore not actionable. *See, e.g.*, *Id.* Defendants also suggest that reasonable consumers would not be deceived by the "Made from Real Ginger"

{350950.DOCX }2

representation into believing the Product contains at least some ginger. *Id.* at 6. As demonstrated below, both arguments fail.

**1.** **Plaintiff Adequately Pleads That The "Made from Real Ginger" Representation Is False**

Contrary to Defendants' contention, Plaintiff has clearly alleged that Defendants' "Made from Real Ginger" representation is false. *See*, *e.g.*, CAC ¶ 4 ("...the Product was and continues to be *falsely* advertised because the Product does not contain a detectable amount of ginger.") (emphasis added). In addition, Plaintiff has alleged why the statement is false – independent laboratory testing revealed that the Product does not contain a detectable amount of ginger. *Id.* at ¶¶ 3, 20. Whether ginger is "*is used* in creating the product" as Defendant contends (MTD at 5), is a question of fact, which Plaintiff alleges is not true and Defendants now contest.[2] On a motion to dismiss, the Court should accept all material facts as true. *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000) ("We accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party").

Defendants' reliance on *Kwan* is unfounded. In *Kwan*, the court had dismissed the plaintiff's complaint for failure to plead *why* the alleged representation was false beyond being unsubstantiated. *Kwan v. SanMedica Int'l*, No. 15-15496, 2017 U.S. App. LEXIS 6995, at *17 (9th Cir. Apr. 21, 2017). To the contrary, Plaintiff here has alleged *why* the representation is false — because the Product does not contain at least a detectable amount of ginger (per lab results). CAC ¶ 20. Furthermore, Plaintiff here has pleaded that the representation is also misleading, if not false. *See* CAC ¶ 25; *see also supra* Subsection IV.A.2. *Cole v. Homier Distrib. Co.*, No. 4:07-CV-1493 (JCH), 2007 U.S. Dist. LEXIS 87557, at *10-12 (E.D. Mo. Nov. 28, 2007) is also distinguishable as the fraud claim only failed because plaintiffs had failed to sufficiently allege

---

[2] Indeed, the court in *Fitzhenry-Russell*, 2017 U.S. Dist. LEXIS 155654 at *21 (N.D. Cal. Sep. 22, 2017) noted that this question is black and white: "Whether a drink does or does not contain ginger root is not a vague or subjective question, it is a clear fact-based question. Either the drink contains ginger root, or it does not." (internal citation omitted).

{350950.DOCX }3

intend to fraud. Defendants do not make such a challenge. In any event, unlike the plaintiffs in *Cole*, Plaintiff here has specifically alleged intent to defraud. CAC ¶¶ 21, 74. Lastly, the decision in *Chuang v. Pepper Snapple Group.*, No. CV 17-01875-MWF (MRWx), 2017 U.S. Dist. LEXIS 163337, at *5 (C.D. Cal. Sep. 20, 2017) is distinguishable because plaintiff there challenged the products for not containing significant amounts of fruit and vegetables when in fact the products did contain fruits and vegetables claimed on the product labels and the defendant made no representation as to amount of fruits and vegetables present.  Here, Plaintiff is alleging that the Product does not contain any ginger whatsoever and that fact is confirmed by laboratory testing.

For the foregoing reasons, Plaintiff has adequately alleged a false representation.

> **2. Missouri Law Prohibits Representation That May Be Truthful But Nonetheless Misleading**

Even if the Court was to accept Defendants' contention that ginger is "*is used* in creating the product," which is a question of fact, a representation may be truthful but nonetheless misleading to reasonable consumers.  Pursuant to the MMPA, it is unlawful for a person to engage in "any ***deception***, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact."[3] (emphasis added). Therefore, the conjunctive nature of the MMPA protects consumers from deceptive statements even if such statements are technically truthful.  *See Thornton v. Pinnacle Foods Grp. LLC,* No. 4:16-CV-00158 JAR, 2016 U.S. Dist. LEXIS 99975, at *5 (E.D. Mo. Aug. 1, 2016) ("Plaintiff alleges facts that, if true, establish a deceptive *or* false claim...") (emphasis added); *see also Henderson v. Gruma Corp.*, No. CV 10-04173 AHM (AJWx), 2011 U.S. Dist. LEXIS 41077, at *32 (C.D. Cal.

---

[3] Although "[t]he MMPA itself does not define…'deception[ ]' . . . the Missouri Attorney General . . . has promulgated rules and regulations defining these terms." *Toben v. Bridgestone Retail Operations, LLC*, No. 4:11-CV-1834 (CEJ), 2013 U.S. Dist. LEXIS 137317, at *5 (E.D. Mo. Sep. 25, 2013), aff'd, 751 F.3d 888 (8th Cir. 2014) (citing *Chochorowski v. Home Depot U.S.A.,* 404 S.W.3d 220, 226 (Mo. 2013) (*en banc*)). According to those regulations, deception is "any method, act, use, practice, advertisement or solicitation that has the tendency or capacity to *mislead*, deceive or cheat, or that tends to create a false impression," 15 C.S.R. § 60–9.020(1) (emphasis added).

{350950.DOCX }4

Apr. 11, 2011) ("While Defendant's description of its product might very well be true, for a statement to be actionable, there is no requirement that the statement be false.").

Here, Plaintiff has alleged that "Made from Real Ginger" is false **and** misleading. *See, e.g.*, CAC at ¶¶ 4, 25. As demonstrated in Subsection IV.A.3 below, it is highly plausible that based on Defendants' representation, a reasonable consumer would be misled into believing that the Product contains ginger, even if the representation is supposedly true in some sense. *See Rawa v. Monsanto Co.*, No. 4:17CV01252 AFG, 2017 U.S. Dist. LEXIS 124044, at *12-13 (E.D. Mo. Aug. 7, 2017) (despite the representation being "in some sense true," a reasonable consumer could be deceived by it).

For the foregoing reasons, Plaintiff need not demonstrate the falsity of the representation to bring his claims. The appropriate standard under which Plaintiff's false advertising claims are analyzed should include an inquiry into whether the "Made from Real Ginger" representation is likely to mislead reasonable consumers into believing that the Product contains at least some ginger. As demonstrated below, that is highly plausible.

### 3. A Reasonable Consumer Could be Misled Into Believing That The Product Contains At Least Some Ginger

The MMPA prohibits conduct which is deceptive. Whether the conduct alleged is deceptive under the MMPA is to be analyzed under the "reasonable consumer" standard. *Thornton,* 2016 U.S. Dist. LEXIS 99975 at *3; *Murphy v. Stonewall Kitchen, LLC*, 503 S.W.3d 308, 312 (Mo. Ct. App. 2016) (applying reasonable consumer standard set forth in *Thornton* for MMPA claim). But the "reasonable consumer" threshold is low at the pleadings stage. "[H]ow a 'reasonable consumer' would perceive certain packaging information [is] a question appropriately addressed on a motion for summary judgment or trial, not a motion to dismiss." *Bratton v. Hershey Co.*, No. 2;16-cv-4322-C-NKL, 2017 U.S. Dist. LEXIS 74508, at *18-19 (W.D. Mo. May 16, 2017); *see also Thornton,* 2016 U.S. Dist. LEXIS 99975 at *5-7 (same).

Here, it cannot be said that no reasonable consumer could possibly believe what Plaintiff believed here – that a product labeled as being "Made from Real Ginger" would contain at least

{350950.DOCX }5

some ginger. *See* Exhibit "A" to the Declaration of Benjamin Heikali[4] ("on the core issue of whether the assertion 'made from real ginger' can plausibly, using common sense, state a claim, I'm denying the motion to dismiss") ("I think it's plausible that the plaintiffs can have a case hinged on the "made from real ginger."); *see also Albert v. Blue Diamond Growers*, 151 F. Supp. 3d 412, 419 (S.D.N.Y. 2015) (holding that plaintiff has sufficiently alleged causes of action under false advertising law when he alleged that defendant's described the products as almond milk *made from real almonds* when they contain only two percent of almonds). Furthermore, it is highly plausible that the use of the word "ginger" in the name and on the labeling, packaging, and advertising of the Product would lead a reasonable consumer to believe that the Product contains at least some ginger. *See Lam v. Gen. Mills, Inc.,* 859 F. Supp. 2d, 1097, 1104 (N.D. Cal. 2012) (because the word "strawberry" appeared on numerous locations on the product, it "might lead a reasonable consumer to believe that product is made with real strawberries."); *Williams v. Gerber Prods. Co.,* 552 F.3d 934, 939-40 (9th Cir. 2008) (holding that a reasonable consumer could be deceived by the product name "Fruit Juice Snacks" into believing that "those fruits or their juices are contained in the product").[5]

    Despite this, Defendants ask the Court to go beyond the four corners of the CAC and find, as a matter of law, that it is unreasonable for a consumer to interpret "Made from Real Ginger" as meaning that the Product contains ginger. MTD at 6-7. But Defendants fail to support this naked assertion with any evidence, either expert or otherwise. As mentioned previously, assessments as to what reasonable consumers are likely to believe are better left for the trier of fact. *Bratton,* 2017

---

[4] Transcript of Official Electronic Sound Recording Of Proceedings at 31: 10-12, 19-20, *Jackie Fitzhenry-Russell, et al. v. Dr Pepper Snapple Group, Inc., et al.*, Case No. 5:17-cv-00564-NC, ECF No. 37 (Apr. 30, 2017).

[5] Defendants' citations to *Chuang, Red, and Romero* are unavailing as all three cases involve allegations challenging products for failing to contain *significant* amounts of fruits, vegetables, or grains. *See Chuang,* 2017 U.S. Dist. LEXIS 163337, at *3; *Red v. Kraft Foods, Inc*., No. CV 10-1028-GW(AGRx), 2012 U.S. Dist. LEXIS 164461, at *10 (C.D. Cal. Oct. 25, 2012); *Romero v. Flowers Bakeries, LLC*, No. 14-cv-05189-BLF, 2016 U.S. Dist. LEXIS 15868, at *5 (N.D. Cal. Feb. 8, 2016). Plaintiff here is ***not*** alleging that the Product does not contain a ***significant amount*** of ginger. Rather, Plaintiff challenges the Product for not containing any ginger.

{350950.DOCX }6

U.S. Dist. LEXIS 74508, at *18-19.  In support, Defendants also contend that "[t]he ingredients listed on the *very same* label… make clear that the beverage does *not* contain ginger as a separate declared ingredient." *Id.*  This proposition is unfounded for the following reasons:

(1)     The Missouri Court of Appeals has expressly rejected the "ingredient list" defense advanced by Defendants here. *See Murphy*, 503 S.W.3d at 312-13 (Mo. Ct. App. 2016). In *Murphy*, the Missouri Court of Appeals rejected the trial court's application of the ingredient list defense, holding that "[a] reasonable consumer would expect that the ingredient list comports with the representations on the packaging" and that manufacturers cannot "mislead consumers and then rely on the ingredient list to correct those misrepresentations and provide a shield from liability for that deception." *Id.; accord Thornton,* 2016 U.S. Dist. LEXIS 99975 at *7 (rejecting "ingredient list defense" because it is "plausible that a consumer might rely on the representation 'Nothing Artificial' without looking at the ingredients"). To the extent Defendants rely on *Kelly v. Cape Cod Potato Chip Co.*, 81 F. Supp. 3d 754 (W.D. Mo. 2015), *Kelly* was decided prior to *Murphy* and did not benefit from the Missouri Court of Appeals' analysis of the issue. *Bratton,* 2017 U.S. Dist. LEXIS 74508 at *18-19 (rejecting defendant's reliance on *Kelly* because "*Kelly* was decided before *Murphy*" and "[i]n view of the *Murphy* decision, *Kelly* is wrong to the extent that it holds, as a matter of law, that consumers are responsible for evaluating whether some information on a package label is inconsistent with other information on the label."). In any event, the "question of a how a 'reasonable consumer' would perceive certain packaging information was a question appropriately addressed on a motion for summary judgment or trial, not a motion to dismiss." *White v. Just Born, Inc.,* No. 2:17-cv-04025-C-NKL, 2017 U.S. Dist. LEXIS 114305, at *19 (W.D. Mo. July 21, 2017).

Accordingly, Plaintiff has alleged sufficient facts regarding the misleading nature of the "Made from Real Ginger" representation and therefore has conformed to Rule 8(a).

### B.     Plaintiff's Allegations Are Also Sufficient Under Rule 9(b)

Defendants also contend that Plaintiff's claims should be dismissed for failure to satisfy Rule 9(b).  Claims based on fraudulent conduct must be accompanied by the who, what, where,

{350950.DOCX }7

when, and how of the misconduct charged. *BJC Health Sys. v. Columbia Cas. Co*., 478 F.3d 908, 917 (8th Cir. 2007) (internal quotations omitted). "[W]here the plaintiff identifies particular statements alleged to be misleading, the basis for contention, where the statements appear, and the relevant time period in which statements were used" Rule 9(b) is met. *Thornton*, 2016 U.S. Dist. LEXIS 99975 at *13-14 (citing *Chacanaca v. Quaker Oats Co*., 752 F. Supp. 2d 1111, 1126 (N.D. Cal. 2010)). As set forth below, Plaintiff's allegations satisfy the 9(b) pleading requirement because they lay out the specific circumstances of the fraud.

    ***The Who:*** Plaintiff specifically identified Defendants, Dr Pepper Snapple Group, Inc. and Dr Pepper/Seven Up, Inc., as the entities responsible for the misrepresentation regarding the Product. CAC ¶¶ 12-14.

    ***The What:*** Plaintiff has alleged the misleading representation with adequate detail. Plaintiff alleged that "the Product contains the following conspicuous representation, or one substantially similar to it: 'Made from Real Ginger.'" CAC ¶ 17. This is sufficient. *See Thornton*, 2016 U.S. Dist. LEXIS 99975 at *11 (plaintiff's identification of the "Nothing Artificial" labeling satisfied the "what").

    ***The When:*** Plaintiff alleges that he purchased the Product within the relevant Class Period. CAC ¶ 11 ("During the last year, Mr. Webb purchased two cans of the Product…"); *See Thornton*, 2016 U.S. Dist. LEXIS 99975 at *11 (the "when" satisfied by allegation that purchases were made during the five years preceding filing of the complaint); *In re ConAgra Foods, Inc*., 908 F. Supp. 2d 1090, 1100 (C.D. Cal. 2012) ("the court does not believe that requiring that Plaintiff allege specific dates on which they saw the representations is necessary or realistic.").

    ***The Where:*** Plaintiff alleges the specific location where he purchased the Product. CAC ¶ 11 ("from vending machines located in Independence, Missouri" and "from a Price Chopper grocery store located in Blue Springs, Missouri."). Furthermore, Plaintiff alleges that the location of the deceptive representation was on the Product itself. CAC ¶ 15; *see Thornton*, 2016 U.S. Dist. LEXIS 99975 at *11 (the "where" was "on the label of the Mix").

{350950.DOCX }8

**The How:** Plaintiff has set forth why and how the "Made from Real Ginger" representation is false and misleading -- because the Product does not contain a detectable quantity of ginger, as reasonably expected by consumers. CAC ¶¶ 20, 23; *see Thornton*, 2016 U.S. Dist. LEXIS 99975 at *11 (the "how" is that the product claims to have "Nothing Artificial" but contains synthetic ingredients). Plaintiff's allegations go beyond mere legal conclusions because he relies on independent laboratory testing of the Product in support of his allegation. *See Fonseca v. Goya Foods, Inc.*, No. 16-CV-02559-LHK, 2016 U.S. Dist. LEXIS 121716, at *16 (N.D. Cal. Sep. 8, 2016) (finding that an allegation that "[i]ndependent DNA testing determined that [Defendant's] Octopus Products are actually jumbo squid and not octopus" is a sufficiently pled factual assertion and not a legal conclusion).

Defendants challenge Plaintiff lack of specificity regarding the independent lab testing, seeking answers to questions such as, "*Who* is the 'independent' 'laboratory'?" MTD at 7-8. However, these details are unnecessary at the pleading stage as the Court should take all the Plaintiff's allegations as true, and Plaintiff have sufficiently alleged the who, what, where, when and how for his claims. *Fonseca* is particularly instructive here. In that case, defendant similarly contended that plaintiff's allegation that "[i]ndependent DNA testing determined that [Defendant's] Octopus Products are actually jumbo squid and not octopus" was insufficient because plaintiff failed to provide "when this testing was done, who performed the testing, what were the results of the testing, where the testing took place, or the type of equipment or scientific method used." *Fonseca*, 2016 U.S. Dist. LEXIS 121716 at *14. The court, however, rejected defendant's argument, holding that "whether a product labeled as 'Octopus' contains squid instead of octopus is a question of fact, not a question of law, and asserting that DNA testing found that the Octopus Products contained squid is a plausible factual allegation." *Id.* at *16. Here, Plaintiff's allegations regarding independent laboratory testing of the Product are just as plausible.

The case law Defendants cite in support of their argument that the testing allegations are inadequate is inapposite. In *Padilla v. Costco Wholesale Corp.*, No. 11 C 7686, 2012 U.S. Dist. LEXIS 87222, at *10-11 (N.D. Ill. June 21, 2012), the court was not concerned with plaintiff's

{350950.DOCX }9

lack of specificity regarding the details of the "numerous clinical studies" relied on by plaintiff, but instead took issue with the fact that the clinical studies analyzed the "joint renewal and rejuvenation" benefits of the Glucosamine product, while the challenged Glucosamine product label made no reference to such benefit. In contrast, the laboratory testing of the Product here is linked to and disapproves the representation made directly on the Product label and packaging. Furthermore, *Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126 (3d Cir. 2004) is a non-binding out of circuit decision in a securities case under the Private Securities Litigation Reform Act ("PSLRA"). However, the pleading standard under the PSLRA is different from and more demanding than the Rule 9(b) standard. *Friedman v. Rayovac Corp.*, 295 F. Supp. 2d 957, 983 (W.D. Wis. 2003) ("[T]o the extent the [PSLRA] and Rule 9(b) differ, the [PSLRA] imposes a more demanding standard.").

In any case, Plaintiff has provided the who, what, where, when, and why of his claims against Defendants.[6] Accordingly, Plaintiff has met the Rule 9(b) standard.

### C. Plaintiff's Claims Based On Defendants' Television Advertising Campaign Also Meet The 9(b) Requirement

Defendants also challenge Plaintiff's allegations regarding Defendants' television advertising campaign as insufficient under Rule 9(b). MTD at 8. Defendants contend that none of the advertising promises a detectable level of ginger and that the advertising slogans are mere "puffery". *Id.* A similar argument made by Defendants was recently rejected in *Fitzhenry-Russell*, 2017 U.S. Dist. LEXIS 155654 at *18-21, a similar case. In *Fitzhenry-Russell*, the court held that the voiceover stating "real ginger taste" and the words "real ginger" appearing on the screen are actionable representations, especially when combined with the "Jack's Ginger Farm" sign and the ginger growing on the farm. *Id.* at 20. The court reasoned that "[t]hese factors could lead a reasonable consumer to believe that Canada Dry Ginger Ale contains ginger root." Here, the

---

[6] Regardless, the 9(b) standard is inapplicable to Plaintiff's express and implied warranty claims. *Wright v. Brooke Grp. Ltd.*, 114 F. Supp. 2d 797, 828-29 (N.D. Iowa 2000).

commercials alleged and described by Plaintiff include the same or substantially similar representations and images. *See, e.g.,* CAC ¶ 16 ("Real Ginger."); ¶ 18 (image of ginger growing on "Jack's Ginger Farm").[7]

Furthermore, Plaintiff's allegations regarding the television advertising satisfy the "who, what, where, when, and how" test. The "who" is Defendants, responsible for the advertising. The "what" are the television advertisements, and more specifically the three described in the CAC. CAC ¶¶ 16-18. The "where" is on television. The "when" is during the class period.[8] And the "how" are the statements, representations, and images on the advertising suggesting that the Product contains ginger. This is sufficient under *Fitzhenry-Russell. See Fitzhenry-Russell,* 2017 U.S. Dist. LEXIS 155654 at *17. Contrary to Defendants' argument, Plaintiff has also alleged which commercial he saw and relied on. *Id.* at ¶ 11 ("Mr. Webb also saw and relied on a television commercial stating, "[f]ind your way to relaxation with the crisp soothing taste of real ginger and bubbles. Canada Dry, the root of relaxation."). Regardless, "[a] consumer's reliance on an unlawful practice is not required under the MMPA." *Murphy*, 503 S.W.3d at 311 (citation omitted).

In any event, the statements made about the Product in Defendants' television campaign are part of Defendants' overall marketing campaign and further evince Defendants' intent to deceive the public about the Product containing ginger. *Fitzhenry-Russell,* 2017 U.S. Dist. LEXIS

---

[7] Defendants voice their disagreement with the recent decision in *Fitzhenry-Russell,* arguing that the court "incorrectly applies a functionally lower 'reasonable consumer' standard under California law. MTD at 9-10. Defendants have now filed a "Motion to Certify September 22, 2017 Order For Interlocutory Appeal" ("Motion to Certify"), *see Fitzhenry-Russell*, Case No. 5:17-cv-00564-NC, ECF No. 92, but only seek to appeal the court's decision regarding personal jurisdiction under *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017). Defendants **do not** raise the "reasonable consumer" argument in their Motion to Certify. Furthermore, to the extent Defendants have raised the issue of personal jurisdiction in this MTD, they do so only in passing and cite to no authority in support. The Court should disregard any such argument. *See Lusby v. Union Pacific R.R. Co.*, 4 F.3d 639, 642 (8th Cir. 1993) ("When a point is argued but unsupported by citations and authorities, the court might well decide not to trouble itself with independent research, and reject the point on its merits….")

[8] Plaintiff need not specify "*when* the commercials were broadcast" as Defendants argue (MTD at 9), because Plaintiff does "not need to provide such a level of specificity because the date when the commercials began airing is within Dr. Pepper's knowledge." *Fitzhenry-Russell,* 2017 U.S. Dist. LEXIS 155654 at *17.

{350950.DOCX} 11

155654 at *18 (allegations regarding website were inserted to show defendant intended to deceive).

      **D.**      **Plaintiff's Warranty Claims Do Not Fail**

          **1.**      <u>**Plaintiff Has Stated a Cause of Action for Breach of Express Warranty**</u>

To state a claim for breach of express warranty under Missouri law, a plaintiff must show any "affirmation of fact or promise made by the seller to the buyer which relates to the goods" or any "description of the goods," which becomes part of the basis of the bargain, that the goods shall conform to the affirmation or promise, or the description. Mo. Rev. Stat. § 400.2-313(a)-(b).

Plaintiff here has alleged a textbook case for breach of express warranty: 1) Defendants have provided an affirmation of fact, promise, and/or description of the goods – that the Product is "Made from Real Ginger;" 2) that promise or description was part of the basis of the bargain to purchase the goods and consumers could reasonably expect that representation to mean that the goods contained at least some ginger; and 3) Defendants have failed to provide a Product with at least some ginger. CAC ¶¶ 57-59.

Defendants do not challenge that the representation "Made from Real Ginger" is an affirmation of fact, promise, or description of a good, nor do they challenge that the statement was part of the basis of the bargains. Instead, Defendants assert that Plaintiff has failed to plead a false statement and that no reasonable consumer could be misled by the representation. MTD at 10-11. But as illustrated above, Plaintiff has pleaded that the representation is false and if not, then misleading. Because Plaintiff have sufficiently alleged these facts, his express warranty claim should survive. *See Podobedov v. Living Essentials*, LLC, No. CV 11-6408 PSG (PLAx), 2012 U.S. Dist. LEXIS 91388, at *11 (C.D. Cal. Mar. 22, 2012) (applying California law and upholding claim for express warranty based on representations made regarding characteristics of beverage)[9]. Accordingly, the Court should not dismiss Plaintiff's express warranty claim.

---

[9] California express warranty law is identical to Missouri's express warranty law. *Compare* Cal. Comm. Code § 2313 to Mo. Rev. Stat. § 400.2-313; *see also In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 978-79 (S.D. Cal. 2014) (California and Missouri breach of express warranty laws require the same elements).

{350950.DOCX }12

## 2.  **Plaintiff Has Stated A Claim For Breach Of Implied Warranty**

Defendants contend that Plaintiff's implied warranty claim also fails because he "does not allege that Canada Dry Ginger Ale is not 'fit for the ordinary purpose' for which it is used[.]" MTD at 11. However, Defendants have misconstrued the pleadings. Plaintiff has not alleged a breach of implied warranty based on the above stated provision of Mo. Rev. Stat. § 400.2-314(2). Rather, Plaintiff's implied warranty claim is predicated on Mo. Rev. Stat. § 400.2-314(2)(f), which states that merchantable goods must "conform to the promises or affirmations of fact made on the container or label if any." Mo. Rev. Stat. § 400.2-314(2)(f); CAC ¶ 65. A plaintiff may state a claim for breach of implies warranty under **any** prong of Mo. Rev. Stat. § 400.2-314(2). *See Grantham v. Wal-Mart Stores, Inc*., No. 08-3466-CV-S-GAF, 2012 U.S. Dist. LEXIS 194352, at *10-11 (W.D. Mo. Feb. 28, 2012) ("Plaintiff can prove [defendant] breached the implied warranty of merchantability by showing the [product]: (a) was not fit for the ordinary purposes for which it is used; (b) was not adequately contained, packaged, or labeled; **or** (c) did not conform to the promises or affirmations of fact made on the container or label.") (emphasis added). Therefore, Plaintiff need not allege or show that the Product is not "fit for the ordinary purpose" for which it is used. Plaintiff alleges that because the Product does not conform to the promises or affirmations of fact regarding the presence of the ginger, Defendants have violated their implied warranty of merchantability as to the Product. *Id.* at ¶¶ 66-67. This is sufficient.

### E.  **Plaintiff's Unjust Enrichment Claim Should Not Be Dismissed**

To state a claim for unjust enrichment, a plaintiff must prove that "(1) that the defendant was enriched by the receipt of a benefit; (2) that the enrichment was at the expense of the plaintiff; and (3) that it would be unjust to allow the defendant to retain the benefit." *Downing v. Riceland Foods, Inc*., No. 4:13CV321 CDP, 2015 U.S. Dist. LEXIS 34154, at *21 (E.D. Mo. Mar. 19, 2015). Plaintiff has adequately alleged that (1) Plaintiff and other class members have conferred a benefit on Defendants as they purchased the Product relying on Defendants' representation (CAC ¶¶ 95-96); (2) the enrichment was at the expense of Plaintiff and class members as they were induced into purchasing the Product and did not obtain the full value of the benefit conferred on Defendants

(*Id.* at ¶ 97); and therefore (3) it would be unjust to allow Defendants to retain the benefit (*Id.* at ¶ 98). These allegations are sufficient. *See Bratton*, 2017 U.S. Dist. LEXIS 74508 at *27-28 (upholding unjust enrichment claim when plaintiff alleged that it would be unjust for defendant to retain benefit conferred on it by consumers who paid for product that was deceptively packaged). Furthermore, since Plaintiff has adequately alleged a cause of action under the MMPA, his unjust enrichment should also survive. *White,* 2017 U.S. Dist. LEXIS 114305 at *30 (permitting unjust enrichment claim to proceed alongside a properly-pled MMPA claim).

Defendants make a lack of privity argument, averring that Plaintiff's unjust enrichment claim cannot survive because Plaintiff has not conferred a benefit ***directly*** on Defendant. MTD at 11. However, courts in Missouri or applying Missouri law have explicitly rejected this argument, holding that "there is no requirement for an unjust enrichment claim that the plaintiff conferred a benefit ***directly*** on the defendant[.]" *See, e.g.*, *Garrett v. Cassity*, No. 4:09CV01252 ERW, 2011 U.S. Dist. LEXIS 82884, at *35 (E.D. Mo. July 28, 2011) (emphasis added); *CCA Glob. Partners, Inc. v. Yates Carpet, Inc.*, No. 4:06 CV 15 JCH, 2006 U.S. Dist. LEXIS 72656, at *33 (E.D. Mo. Oct. 5, 2006) (same); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2011 WL 4345446, at *4 (N.D. Cal. Sept. 15, 2011) (applying Missouri unjust enrichment law and holding that defendants need not have received benefit directly. Plaintiff must only show that defendants received a benefit and that it came at his expense). Accordingly, the Court should deny Defendants' request to dismiss Plaintiff's unjust enrichment claim.

### F.     Plaintiff Have Standing To Seek Injunctive and Declaratory Relief

Pursuant to the MMPA, Plaintiff seeks to restrain Defendants from engaging in the unlawful conduct alleged in the CAC. CAC ¶ 54. This is permissible as the MMPA expressly permits recovery in the form of injunctive relief. Mo. Rev. Stat. § 407.025(2) (Court may award "…in addition to damages, injunction or other equitable relief and reasonable attorney's fees.") Defendants, however, contend that Plaintiff lacks standing to pursue injunctive because "he is now *aware* of the supposed truth about the products, he does not face a future or continuing economic

{350950.DOCX }14

harm from being deceived by the same Canada Dry labels." MTD at 13 (internal quotations omitted). Defendants' argument is unavailing under recent Missouri authority on this issue.

*Bratton* is on all fours. In *Bratton*, plaintiff sought injunctive relief under the MMPA. 2017 U.S. Dist. LEXIS 74508 at *3-4. In its motion to dismiss, defendant contended that plaintiff lacked Article III standing to pursue injunctive relief because "now that [plaintiff] is aware of the slack-filled space in the boxes, he cannot plausibly claim that he will be subject to continuing injury[.]" *Id.* at *23. The court explicitly rejected this argument, reasoning that "the fact that [plaintiff] discovered [defendant's] allegedly unlawful practice does not make the packaging less misleading, nor mean that the practice is not ongoing." *Id.* at *24-25. The court held that plaintiff's allegations regarding his likelihood of purchasing the products in the future if defendant was to cease its deceptive practices, were sufficient. *Id.* at *24. *See also White*, 2017 U.S. Dist. LEXIS 114305 at *26-30 (W.D. Mo. July 21, 2017) (same).

Here, regardless of Plaintiff's current knowledge about the deception, Plaintiff has attested that he would likely purchase the Product in the future if the deception was cured. CAC ¶ 30 ("Plaintiff would likely purchase the Product in the future if it was reformulated to include at least a detectable amount of ginger."). Furthermore, Plaintiff's awareness of the fraud does not halt Defendant's unlawful conduct, nor does it prohibit Defendant from deceiving other class members who are ***not*** aware of the deception. Accordingly, this Court should follow *Bratton* and *White*, reject Defendants' "awareness" argument, and find that Plaintiff has standing to pursue injunctive relief. To hold otherwise would thwart the purpose of the Missouri's consumer protection law. *See Berry v. Volkswagen Grp. of Am., Inc.*, 397 S.W.3d 425, 433 (Mo. 2013) (the MMPA's "remedial measures are designed not only to remedy violations of the MMPA, but also prospectively to deter prohibited conduct and protect Missouri citizens.")

## V.  Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' MTD in its entirety.

Respectfully submitted,

By: _____/s/ Tim E. Dollar_____
Tim E. Dollar, Missouri Bar No. 33123
**DOLLAR BURNS & BECKER, L.C.**
1100 Main Street, Suite 2600
Kansas City, MO 64105
Telephone: (816) 876-2600
Facsimile: (816) 221-8763
Email:  timd@dollar-law.com
ATTORNEYS FOR PLAINTIFF

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 11th day of October 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice and a copy of the electronic filing to all parties of record, including the following:

**BERKOWITZ OLIVER LLP**
Stacey R. Gilman, MO Bar #55690
sgilman@berkowitzoliver.com
2600 Grand Blvd., Suite 1200
Kansas City, MO 64108
Telephone: (816) 561-7007
Facsimile: (816) 561-1888

and

{350950.DOCX }16

**BAKER BOTTS L.L.P.**
Jonathan A. Shapiro (*pro hac vice*)
jonathan.shapiro@bakerbotts.com
101 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (415) 291-6204
Facsimile: (415) 291-6304
Van H. Beckwith (*pro hac vice*)
van.beckwith@bakerbotts.com
Monica R. Hughes (*pro hac vice*)
monica.hughes@bakerbotts.com
2001 Ross Avenue, Suite 600
Dallas, TX 75201-2980
Telephone: (214) 953-6500
Facsimile: (214) 953-6503
***Attorneys for Defendants Dr Pepper Snapple***
***Group, Inc. and Dr Pepper/Seven Up, Inc.***


*/s/ Tim E. Dollar*
ATTORNEY FOR PLAINTIFF

{330950.DOCX }17