IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ARNOLD E. WEBB JR., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DR PEPPER SNAPPLE GROUP, INC., and DR PEPPER/SEVEN UP, INC.,<br><br>Defendants. | Case No.: 4:17-cv-00624-RK |

**DECLARATION OF TIM DOLLAR IN SUPPORT OF PLAINTIFF'S SECOND MOTION TO EXTEND DEADLINES SET IN SCHEDULING ORDER**

I, Tim Dollar, declare as follows:

1. I am an attorney at law, licensed to practice before the courts in Missouri, and founding Partner of Dollar Burns & Becker, counsel of record for Plaintiff Arnold E. Webb Jr. ("Plaintiff") in the above captioned action. I have personal knowledge of the matters set forth in this Declaration and, if called upon to testify, I could and would competently testify thereto.

2. I am making this Declaration in Support of Plaintiff's Second Motion to Extend Deadlines Set in Scheduling Order.

3. On January 9, 2018, the Parties engaged in mediation, with Jack T. Bangert of Kutak Rock LLP serving as the mediator.

4. During the mediation, the Parties agreed to wait until the Court's order on the Motion to Dismiss Plaintiff's Putative Class Action Complaint ("MTD") before the Parties engaged in an additional, subsequent mediation. Attached as **Exhibit A** is a true and correct copy of the letter written by Jack T. Bangert to Jill A. Morris, Director of the United States District Court's Mediation and Assessment Program, confirming that "the parties have agreed to reconvene the mediation[.]"

5. Given that the Court denied the MTD on April 25, 2018, it was Plaintiff's understanding that the Parties would soon thereafter engage in mediation, especially to avoid spending additional money and other resources on experts. For that reason, Plaintiff briefly paused expert engagement in light of potential mediation.

6. On April 11, 2018, Plaintiff's Counsel conducted the Fed. R. Civ. P. 30(b)(6) deposition of Dr. Steve Kramer and Ms. Carmen Caccavale. From this deposition, Plaintiff gained relevant, elaborate, and complex scientific information regarding the products at issue in this case, including but not limited to, the manufacturing processes used to create the products' ingredients.

2

7. From the information gained from the depositions, Plaintiff believes that continued, rigorous laboratory analysis would provide the Court with a more detailed factual background, thereby promoting the policy of adjudicating cases on their merits.

8. For this reason, since April 26, 2018, the date of the Court's order on the Motion to Intervene, Plaintiff worked diligently to retain expert services, spending considerable time in this regard.

9. Specifically, from the information gained during Dr. Steve Kramer's deposition, Plaintiff has engaged in, and is continuing to engage in, complex laboratory expert analysis that would provide the Court with a more detailed factual background, thereby promoting the policy of adjudicating cases on their merits.

10. Based on the complex issues of this case, which became more apparent after Plaintiff's deposition of Dr. Steve Kramer, and circumstances surrounding potential mediation of this Action, described in further detail below, Plaintiff's counsel no longer believes a May 29, 2018 deadline for Plaintiff's Expert Designation is feasible.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of May 2018.



                                                    s/Tim Dollar
                                                    Tim Dollar

# ATTESTATION OF E-FILED SIGNATURE

I, Benjamin Heikali, am the ECF User whose ID and password are being used to file the foregoing document in compliance with Civil L.R. 5.1. I attest that all other signatories listed, and on whose behalf the filing is being submitted, concur in the filing's content and have authorized the filing of this declaration.

Dated: May 11, 2018							By:  s/ Benjamin Heikali
									Benjamin Heikali